In the Matter of the Claim of RAFFAELE SPERANZA, Respondent, against LOFT, INC., Employer, Appellant, and STATE INSURANCE FUND, Insurance Carrier.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 19, 1938.

Patrick S. Mason [George J. Hayes of counsel], for the appellant.

John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General, of counsel], for the State Industrial Board, respondent.

McNAMEE, J. The only question presented for review is the one whether the expense of further treatments to be administered to the claimant in a " stale " case should be borne by the Special Fund. under section 25-a of the Workmen's Compensation Law, or by the carrier State Insurance Fund.

The claimant was injured June 8, 1918, and a lump sum award was made in November of that year, and the case was closed.

Thereafter the claimant never lost any time from his work nor suffered any diminution in his wages, except during the period of idleness which resulted from an operation performed in January, 1921. And concerning that period it was stipulated voluntarily by the carrier that it would pay " just the disability caused by the operation; " and thereupon the Industrial Board made an award allowing claimant " compensation for the period of disability covering this operation at the rate of $13.85 per week and case closed." This award of expense was terminated by payment in full on April 14, 1921.

Between the last-mentioned date and April 15, 1936, no order, decision or other determination was made by the State Industrial Board for any further award, or for reopening the case; nor was any notice given to the employer or the State Insurance Fund to that effect.

On the contrary, on January 9, 1922, the Board again found that the claimant had lost neither time nor wages, and was not entitled to further compensation. Thus no payments of compensation had been made for about fourteen years, and the case

was not open on April 24, 1933, and there was no authority after that lapse of time to impose the expense of further treatments upon the State Insurance Fund.

The contention of the Board that the case was "held open" as against this employer and carrier is untenable  By letter dated July 18, 1924, the Board "suggested" to the State Insurance Fund that it "look into the matter" of X-ray treatment.  In the same year it appears that reports of two doctors were made. But there is nothing in the record to indicate that these reports were made in any proceeding to which the employer or carrier was a party, nor that any notice thereof was given to either of them, nor that any action thereon was taken by any one.  The record contains some correspondence between the State Industrial Board and the attorney for the claimant in the year 1922, and again in the year 1924.  But it was mere correspondence to which the employer or carrier was in no way a party.  And at the hearing held in 1922, while holding that the claimant was not entitled to a further award, the referee instructed the claimant that " if a time comes " when he might be forced out of work in the future because of his condition, he might then come back and his case would be considered.  Doubtless this observation of the Board was a reference to its continuing jurisdiction of the case; but even that did not suggest from what source a possible award might be payable. None of these things constituted a reopening of the case, or in any way altered its " closed " condition.  The record does not disclose that the claimant made an application for reopening, or that the Board took any action on its own motion to reopen the case, in so far as the employer or carrier was concerned, at any time after 1922.  (Workmen's Comp. Law, § 25-a.)

Whether a case remains open or is reopened does not depend entirely on mental processes.  A record must be made which can be reviewed as to the action of the Board, its import and its adequacy. Here there was no record that would justify a decision that the case was held open against the employer and carrier from 1922 to 1936, or that there was any ground for such action.

The decision should be reversed, and the award directed to be paid from the Special Fund under section 25-a, with costs against the State Industrial Board.

HILL, P. J., RHODES, BLISS and HEFFERNAN, JJ., concur.

Decision reversed as to the employer and carrier, and the award directed to be paid out of the Special Fund created under section 25-a of the Workmen's Compensation Law, with costs against the State Industrial Board.